## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| CELIA A. CATERINO | ) | Case No. 05-42324 |
| Debtor | ) | |
| | ) | |

## ORDER REGARDING DEBTOR'S MOTION TO REDEEM PROPERTY

This matter is before the Court on the Debtor Celia A. Caterino's ("Debtor")

Motion to Redeem Property [ Docket # 7] and Creditor St. Mary's Bank's ("Creditor")

Objection thereto [ Docket #8]. The Court held a non-evidentiary hearing on June 30,

2005. The parties agreed to submit this contested matter for decision upon their papers.

Attached to the Debtor's Motion to Redeem Property [ Docket #7] is an "opinion

of value" provided by TD's Automotive, Lowell, MA, on May 5, 2005 [Exhibit A]. The

opinion values the car at $1,000.00 and lists damage to the car's oil pan, transmission,

and front-end. Additionally the opinion makes reference to previous work done on the

vehicle by TD's Automotive. Creditor's Motion to Submit Report of East Coast Auto

Resource Pursuant to This Court's Order of June 30, 2005 [Docket # 26] provides a

vehicle evaluation of the car by East Coast Auto Resource, Sandown NH, conducted on

July 8, 2005. The evaluation estimates the total value of the car at $8,725.00. The

evaluation cites deductions resulting from high mileage and miscellaneous damage.

Specifically, the report indicates that the car has a missing hood emblem, a small dent in

the right front fender, and minor paint peeling on the rear bumper cover. The estimate

does not suggest that any investigation was done as to the mechanical condition of the

car.

The Debtor's evaluation was completed by a mechanic who had conducted previous work on the vehicle and who knew at least some of the history of the car. It is difficult to give credence to the evaluation completed by East Coast Auto Resource. It makes no mention as to the mechanical condition of the vehicle in the report and instead points only to damage sustained to the body of the car. Further, the Creditor's "appraisel" states no qualifications of the appraiser. Although the evaluation produced for the Debtor by TD's Automotive is not ideal in the realm of clarity and thoroughness, it does at least suggest previous working experience on the vehicle as well as a mechanical evaluation of the car that goes beyond a superficial examination of the car's body. The Court finds that, based on the evidence before this Court, Debtor has sustained its burden of proof and Debtor's Motion to Redeem Property by payment to Creditor in the amount of $1,000.00 is hereby ALLOWED.

Dated: July 20, 2005

Joel B. Rosenthal
United States Bankruptcy Judge